IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LEKENDRA GLOVER                                                    PLAINTIFF

VERSUS                                     CIVIL ACTION NO. 3:11cv167- TSL-MTP

MISSISSIPPI CORRECTIONAL
MANAGEMENT, INC. d/b/a JAIL SOLUTIONS                      DEFENDANT

ORDER TRANSFERRING VENUE

THIS MATTER is before the Court on a Motion to Change Venue [10], filed by Mississippi Correctional Management, Inc. ("MCM"), for consideration of change of venue pursuant to 28 U.S.C. § 1404(a). Defendant requests that this matter be transferred to the United States District Court for the Northern District of Mississippi, Western Division. Having considered the submissions of the parties and the entire record, the Court finds the motion is well-taken and should be granted.

28 U.S.C. § 1404(a) provides, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Fifth Circuit has interpreted § 1404(a) as requiring the party moving for a transfer to show good cause by satisfying the statutory requirements and clearly demonstrating the transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice." *In re: Volkswagen of America, Inc.*, 545 F.3d 304, 315-316 (5th Cir. 2008) (en banc), *cert. denied* 139 S.Ct. 1336 (2009)(*Volkswagen II*).

The Court finds MCM has satisfied the statutory requirements of § 1404(a) and has clearly demonstrated the transfer would be more convenient to the parties and the witnesses. As noted in MCM's Rebuttal in Support of Motion to Transfer Venue [13], all the alleged sex discrimination

and sexual harassment occurred while Plaintiff was employed at the Grenada County Jail, which is located in the Northern District, Western Division.  All of the witnesses to the alleged sexual discrimination/harassment reside in the Northern District, Western Division.  Moreover, the only connection to Southern District, Jackson Division is that MCM has an office, with no full-time employees, located there.  Finally, the Court finds the action could have originally been brought in the Northern District, Western Division as a "substantial part of the events . . . giving rise to the claim occurred" there.  28 U.S.C.A. § 1391(b)(2).

IT IS, THEREFORE, ORDERED, that Defendant's Motion to Change Venue [10] is granted.  This matter is hereby transferred to the United Sates District Court for the Northern District of Mississippi, Western Division.

SO ORDERED this the 27th day of June, 2011.

s/ Michael T. Parker
United States Magistrate Judge
